United States District Court
Southern District of Texas
**ENTERED**
June 02, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| ANA KARINA AMARO CRESPO *on behalf* | § | |
| *of* VÍCTOR ALFONZO ARTEAGA | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 5:26-cv-389 |
| | § | |
| WARDEN, GEO RIO GRANDE | § | |
| DETENTION CENTER *et al.* | § | |

## ORDER

Ana Karina Amaro Crespo initiated this habeas proceeding, allegedly on behalf of her spouse, Víctor Alfonzo Arteaga (*see* Dkt. No. 1). Because Ana has not satisfied her burden to clearly justify next friend status, the Petition (Dkt. No. 1) is **DISMISSED WITHOUT PREJUDICE FOR LACK OF JURISDICTION**.

## I. BACKGROUND

On March 23, 2026, the Court ordered putative next friend, Ana Karina Amaro Crespo, to show cause in writing why the instant petition should not be dismissed for lack of jurisdiction (Dkt. No. 6). On March 27, 2026, Ana timely responded (*see* Dkt. No. 9). She purports that next friend status is warranted because Víctor's ongoing detention, limited English proficiency, and limited access to legal filings thwart his ability to pursue his habeas action on his own (*see* Dkt. No. 9 at 1–2). The Court is unconvinced that next friend status is appropriate.

## II. LEGAL STANDARD

Pursuant to 28 U.S.C. § 2242, a habeas petition "shall be in writing signed and verified by the person for whose relief it is intended or by someone acting in his behalf." While the individual acting on the Petitioner's behalf is ordinarily an attorney, "a non-lawyer may sign and file a habeas petition on behalf of someone else only when the

petition establishes some reason or explanation, satisfactory to the court, showing: (1) why the detained person did not sign and verify the petition and (2) the relationship and interest of the would-be 'next-friend.'" *Burruss v. Hawkins*, No. CV H-22-2740, 2023 WL 319955, at *3 (S.D. Tex. Jan. 19, 2023) (citation modified) (quoting *Weber v. Garza*, 570 F.2d 511, 513–14 (5th Cir. 1978) (per curiam)). The failure to establish these requisites strips the district court of subject matter jurisdiction. *Id.* (citing *Weber*, 570 F.2d at 514).

### III.  DISCUSSION

Next friend standing is not granted automatically. *Whitmore v. Arkansas*, 495 U.S. 149, 163 (1990). Rather, it is a *rare* designation premised on incapacity, such as mental incompetence or true inaccessibility to the courts. *Id.* at 163–64; *see also Figueroa v. Rivera*, 147 F.3d 77, 81 (1st Cir. 1998) ("'[N]ext friend' habeas petitions are rare."). "The burden is on the 'next friend' clearly to establish the propriety of his status and thereby justify the jurisdiction of the court." *Whitmore*, 495 U.S. at 164 (citations omitted). Chabeli does not rise to the occasion.

For starters, Víctor's "detention as a general matter cannot be used to satisfy the 'adequate explanation' requirement. Every habeas corpus action necessarily involves a petitioner who is 'in custody.'" *Ceballo Garcia v. Warden of Diamondback Corr. Facility*, No. CIV-26-710-PRW, 2026 WL 1165187, at *2 (W.D. Okla. Apr. 29, 2026); *see also Mesias v. Garland*, No. 3:26CV86 (DJN), 2026 WL 383795, at *1 (E.D. Va. Feb. 11, 2026) ("The simple fact that Petitioner is detained is insufficient to show that Petitioner cannot appear on his own behalf to prosecute the action."). Likewise, the "[i]nability to speak, read, or write in English is not typically considered an incurable bar to participation in legal proceedings. For instance, non-English-speaking criminal defendants participate in

legal proceedings with the aid of translation." *Ceballo Garcia*, 2026 WL 1165187, at \*2; *see also Tooke v. Noem*, No. 7:26-CV-38–WLS, 2026 WL 561047, at \*1 (M.D. Ga. Feb. 27, 2026) (finding language hurdles insignificant in a next friend analysis as "most immigrants in detention likely face language . . . barriers").

Nor is the Court persuaded that Víctor's inaccessibility to legal resources is an adequate reason. Limited access to legal drafting does not equate to inaccessibility to the courts—particularly because the Administrative Office of the United States Courts provides a form habeas petition to federal detainees. *Ramirez v. Garland*, No. 3:25-CV-3300-S-BW, 2026 WL 599036, at \*1 (N.D. Tex. Feb. 2, 2026) (noting that a habeas petitioner may file the appropriate form), *report and recommendation adopted*, No. 3:25-CV-3300-S-BW, 2026 WL 597849 (N.D. Tex. Mar. 3, 2026). This Court is not alone in seeing "numerous pro se petitioners in immigration custody seeking relief who face the same conditions as [Real Party in Interest] and are able to litigate their petition." *Rosales Acosta v. Slosar*, No. 2:26-CV-233-KCD-NPM, 2026 WL 309230, at \*1 (M.D. Fla. Feb. 5, 2026); *see also Torres v. Warden, Baker Cnty. Corr. Facility*, No. 3:26-CV-311-MMH-SJH, 2026 WL 467260, at \*1 (M.D. Fla. Feb. 19, 2026) ("Indeed, many pro se petitioners in immigration custody face the same conditions as [Real Party in Interest] and have litigated their cases on their own.").

Finally, Ana cannot use next friend status as a guise to engage in the unauthorized practice of law. *Weber*, 570 F.3d at 513–14; *see also Gonzales v. Sheriff of Hays Cnty.*, No. 1:26-CV-205-RP, 2026 WL 1195855, at \*2 (W.D. Tex. Apr. 30, 2026) (collecting cases). It is important to note that "a next friend may not litigate the case beyond filing the petition." *Jiminez Leon v. Warden of Diamondback Corr. Facility*, No. CIV-26-137-PRW, 2026 WL 1034406, at \*3 (W.D. Okla. Apr. 16, 2026).

Because Ana fails to show that she may proceed as Víctor's next friend, the Court lacks jurisdiction to consider the § 2241 petition. *Burruss*, 2023 WL 319955, at *4; *Wiley v. Texas*, No. 3:25-CV-922-D-BW, 2025 WL 1829835, at *2 (N.D. Tex. June 24, 2025), *report and recommendation adopted*, No. 3:25-CV-0922-D, 2025 WL 1828716 (N.D. Tex. July 2, 2025).

## IV.  CONCLUSION

Accordingly, the Petition (Dkt. No. 1) is **DISMISSED WITHOUT PREJUDICE FOR LACK OF JURISDICTION**.

The Clerk of Court is **DIRECTED** to **TERMINATE** this Civil Action. Additionally, the Clerk of Court is **DIRECTED** to **SERVE** a copy of this Order via any receipted means to:

Ana Karina Amaro Crespo
213 South Mendiola Ave
Laredo, Texas 78043

Víctor Alfonzo Arteaga
Rio Grande Processing Center
1001 San Rio Boulevard
Laredo, Texas 78046

It is so **ORDERED**.

**SIGNED** June 2, 2026.

Marina Garcia Marmolejo
United States District Judge

4